IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 3:23CR75 (RCY) |
| ) | |
| LUKE RONALD MCCUTCHEN, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Luke Ronald McCutchen's ("Mr. McCutchen" or "the Defendant") Motion to Dismiss the Indictment, ECF No. 16, and Notice of Supplemental Authorities, ECF No. 21, regarding the same. The Defendant seeks dismissal of the indictment charging him with one count of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- U.S. ----, 142 S. Ct. 2111 (2022). *See* Mot. Dismiss 1–2, 6–17. Defendant brings both facial and as-applied challenges to § 922(g)(1). For the reasons stated below, the Court will deny the Defendant's Motion in full.

**I. BACKGROUND**

Mr. McCutchen was indicted on June 20, 2023, on one count of Possession of a Firearm and Ammunition by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1). Indictment 1, ECF No. 1. The Defendant was arraigned on June 28, 2023. ECF No. 11.

Mr. McCutchen has three previous convictions. Resp. Opp'n 3, ECF No. 19. In 2009, he was convicted as a juvenile of attempted robbery and use of a firearm in the commission of a felony. *Id.* In 2012, Mr. McCutchen was convicted as a juvenile of felony assault on a law enforcement officer. *Id.* Finally, in 2016, Mr. McCutchen was convicted of possessing a firearm

as a felon and sentenced to five years of active incarceration. *Id.* He was released from custody in January 2022, and is alleged to have committed the presently charged offense in May 2023. *Id.*

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss the indictment against him. "An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *see United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

## III. DISCUSSION

The Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to him because it violates the Second Amendment under *Bruen*'s new text-and-history test.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* "upended Second Amendment doctrine" with its text-and-history test. Mot. Dismiss Indictment 1, ECF No. 19. He argues that "§ 922(g)(1) regulates conduct the Second Amendment protects," meaning that § 922(g)(1) is "presumptively unconstitutional under *Bruen*'s plain text standard" and that the burden thus shifts to the

government to "show[] that § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 11, 16; *see also id.* 6–11.

This Court has already carefully considered and denied each of the arguments set forth in this Motion to Dismiss. *See United States v. Lane*, 2023 WL 5663084 (E.D. Va. Aug. 31, 2023).[1] This Court declines to change course and instead adopts in full the § 922(g)(1) reasoning previously set forth in its Memorandum Opinion in *United States v. Lane*. The *Lane* reasoning is entirely dispositive of the pending Motion in this case, because, as in *Lane*, the Defendant here presents identical arguments for both his facial and as-applied challenges. Had those arguments differed, the as-applied analysis here might likewise differ from that in *Lane*, because the facts of every case are different. But because the as-applied and facial challenges are indistinguishable, i.e., premised on the simple fact that the defendants in both cases are felons, the Court is able to adopt the § 922(g)(1) reasoning of *Lane* in its entirety and apply it to the present Motion.

## IV. CONCLUSION

For the reasons detailed above, the Defendant's Motion to Dismiss the Indictment, ECF No. 16, will be denied.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 25, 2023

---

[1] In *Lane*, this Court held that the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1)'s constitutionality remain good law and require denial of a motion to dismiss an indictment under § 922(g)(1). *See Lane*, 2023 WL 5663084, at *1, 7–10. Alternatively, this Court held that *Bruen* reaffirmed the Supreme Court's instruction that "the people" whose conduct the Second Amendment protects includes only "law-abiding citizens" and not felons like the Defendant here. *See id.* at 10–13.